Quinjie LI, Petitioner,

v.

Michael B. MUKASEY,[1] Attorney General, Respondent.

No. 07–2261–ag.

United States Court of Appeals, Second Circuit.

Dec. 21, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

John Z. Zhang, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Francis W. Fraser, Susan Houser, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. WALKER, Hon. JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Petitioner Quinjie Li, a native and citizen of the People's Republic of China, seeks review of an April 27, 2007 order of the BIA affirming the September 9, 2005 decision of Immigration Judge ("IJ") Noel A. Ferris denying Li's application for asylum and withholding of removal. *In re Quinjie Li*, No. A 79 399 990 (B.I.A. Apr. 27, 2007), *aff'g* No. A 79 399 990 (Immig. Ct. N.Y. City Sept. 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus those arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA declined to adopt the IJ's adverse credibility finding. Rather, the BIA agreed with the IJ's conclusion that Li failed to establish eligibility for asylum and withholding of removal. Thus, we review both the BIA's and IJ's decisions, with the exception of the IJ's adverse credibility finding. *See id.*

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

In *Shi Liang Lin*, this Court concluded that the statutory scheme under IIRIRA § 601(a) "unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." 494 F.3d àt 308. Thus, Li was not entitled to asylum based solely on his girlfriend's forced abortion, regardless of their marital status. *Id.*

Moreover, the record supports the BIA's finding that Li failed to demonstrate that he was persecuted under a coercive population control program. *See* 8 U.S.C. § 1101(a)(42)(B). Li alleged that family planning officials "tried to push him away" when he argued with them over his girlfriend's whereabouts. In addition, he claimed that they fined him, damaged a "corner" of his room and a part of his roof, and threatened to arrest him if he did not pay the fine. The BIA did not err in finding that the harm described by Li did not amount to past persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (holding that to constitute persecution, the harm must rise above "mere harassment").

Li also claims that he established a well-founded fear of persecution, but Li failed to raise before the BIA any arguments concerning a well-founded fear of persecution. Thus, we decline to review that issue. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 121–22, 124 (2d Cir. 2006) (holding that issue exhaustion is mandatory, even if not a jurisdictional requirement). Even if Li had exhausted the argument that he demonstrated a well-founded fear of persecution, the record supports the IJ's finding that Li failed to demonstrate such a fear. Because Li failed to establish that he had been subjected to past persecution, there was no presumption of any likelihood that he would be subjected to future persecution in China. *See* 8 C.F.R. § 1208.13(b)(1). Moreover, the IJ appropriately noted Li's testimony that the authorities had not been to his house since April 2001. These circumstances do not compel the conclusion, contrary to that of the IJ, that Li had a well-founded fear of persecution. *See Ivanishvili,* 433 F.3d at 341.

Because Li was unable to show the objective likelihood of persecution needed to make out an asylum claim based on his own resistance to a coercive family planning policy, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). We therefore do not reach the Government's assertion that Li has waived any challenge to the denial of that relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).